Frank G. SALADINO, Plaintiff–Appellant,

v.

REDISI FAMILY PARTNERSHIP, et al., Defendants–Appellees.

No. 04–3395.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 1, 2005.*

Decided Feb. 1, 2005.

Frank G. Saladino, Rockford, IL, pro se.

Paul E. Gaziano, Rockford, IL, for Defendants–Appellees.

Before MANION, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

In August 2002 Frank Saladino filed a complaint claiming that the Redisi Family Partnership and various individuals engaged in a pattern of frauds dating back to 1990 in violation of the Racketeer Influence and Corrupt Organizations Act of 1970, 18 U.S.C. §§ 1961–68. The district court granted the defendants' motion to dismiss based on the four-year statute of limitations for civil RICO claims, *see Agency Holding Corp. v. Malley–Duff and Assocs.*, 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987); *McCool v. Strata Oil Co.*, 972 F.2d 1452, 1464–65 (7th Cir.1992).

Proceeding *pro se* on appeal, Saladino fails to set forth any argument challenging the decision of the district court. His opening brief goes on at length about the facts and legal theories underlying his RICO claim, but nowhere does it address the relevant statute of limitations or contest the district court's conclusion that his claim was untimely. Although Saladino at least mentions the statute of limitations in his reply brief, arguments not made in an opening brief are waived. *Lin v. Ashcroft,* 385 F.3d 748, 750 (7th Cir.2004). Though we construe *pro se* filings liberally, we must be able to discern cogent arguments in any appellate brief. *See* Fed.R.Civ.P. 8(a); *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001). We therefore see no basis for upsetting the district court's dismissal.

AFFIRMED.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).